## THOMAS *vs.* TOWNS.

1. Proceedings to revive a dormant judgment by *scire facias* must be begun within three years after it becomes dormant, but it is not necessary that a judgment of revival should be rendered within that time.
2. Discharge in bankruptcy is a proper defense to *scire facias* to revive a judgment, and if not set up the defendant will be concluded by a judgment of revival.

*Scire facias.* Statute of limitations. Bankruptcy. Judgments. Before Judge HILLYER. Fulton Superior Court. March Term, 1880.

Reported in the decision.

J. N. DORSEY ; G. S. THOMAS, for plaintiff in error.

G. A. HOWELL, for defendant.

SPEER, Justice.

On 13th February, 1868, Sarah Towns, defendant in error, in the county court of Fulton county, recovered a judgment against plaintiff in error for $113.05, besides interest and costs. On 29th February, 1868, *fi. fa.* issued on said judgment. On 29th February, 1875, said judgment became dormant, no entry having been made on the execution within seven years next ensuing the issuing thereof.

On 25th February, 1878, plaintiff sued out a *scire*

*facias* to revive said dormant judgment, and on 26th February, 1878, defendant was served personally with a copy of said *scire facias.* On 20th June, 1879, a judgment was entered reviving said judgment, and on 23rd June, 1879, *fi. fa.* issued on said revived judgment. On 2d March, 1880, the last *fi. fa.* was levied on property of defendant, and he filed his affidavit of illegality—

1. Because the original judgment was dormant.

2. Because he never had been legally served in said suit.

3. Because the revived judgment was not a valid judgment—the said judgment not having been rendered within three years from the date when said original judgment had become dormant.

4. Because said defendant on 21st March, 1874, was adjudged a bankrupt, and was discharged finally from all his debts on 1st day of Feburary, 1877, and pleading said certificate in discharge in bar.

At the spring term, 1880, said cause was, by consent of counsel, agreed to be submitted to Hon. George Hillyer, the judge presiding, to try both the law and facts presented in said affidavit of illegality without the intervention of a jury.

On hearing the same said affidavit of illegality was overruled on all the grounds therein stated, the same dismissed and said *fi. fa.* ordered to proceed. To this judgment plaintiff in error excepted, and assigns the same as error.

1. On the argument of the case before this court plaintiff in error relied mainly on the third and fourth grounds of his illegality, insisting, as set forth in the third ground, that the revived judgment was void because not rendered within three years from the date when the *original* judgment became dormant.

Code, §2914, provides that "dormant judgments may be revived by *scire facias* or be *sued on within three years*

*from the time they become dormant.*" Two remedies are thus provided—one by *scire facias* and one by suit on the judgment. The latter remedy may be *commenced* within three years from the dormancy of the judgment. This is the limitation expressly fixed, and we can see no reason why, if instead of bringing suit the plaintiff elects to proceed by *scire facias* he has not the *same limit* in which *to commence his suit thus to revive.* To hold that a *judgment of revival must be had within the period of three years* from the dormancy of the original judgment would, we think, be a construction unprecedented in all limitation laws.

2. As to the fourth ground in said illegality, made by the plea of discharge in bankruptcy, it appears from the record that defendant was adjudicated a bankrupt on the 21st of March, 1874, and received his final discharge on the first day of February, 1877. The record further shows that *scire facias* issued to revive this judgment on the 25th of February, 1878, and judgment on the *scire facias* was had on the 20th of June, 1878. It was the duty, under the law, of this defendant to have pleaded his discharge in bankruptcy to a revival of this judgment at the first term to which said *scire facias* was returnable, and having failed to do so, he is concluded by the same, and he cannot avail himself of this defense by an affidavit of illegality to a judgment rendered by a court of competent jurisdiction long after his discharge. 61 *Ga.*, 58, 500; 4 *Ib.*, 175.

Let the judgment of the court below be affirmed.