## 27814. WILLIAMS et. al. v. NUCKOLLS et al.

GUNTER, Justice. This case has had a rather lengthy history. Its first appearance in this court was *Nuckolls v. Merritt,* 216 Ga. 35 (114 SE2d 427) (1960).

The 1960 case was an action brought by Truman N. Nuckolls as next friend of Sandra and Betty Nuckolls, his minor children, against Mrs. Ida F. Merritt. The plaintiffs-appellants in the present case are Sandra Nuckolls Williams and Betty Nuckolls Williams, and they are the same persons for whom the action was brought in 1960 by their father as next friend. The defendant-appellee in the 1960 case was Mrs. Ida F. Merritt; and the defendants-appellees in the present case are the successors in title to the real estate in controversy of Mrs. Ida F. Merritt.

We therefore see immediately that the real plaintiffs-appellants in the 1960 case are the same plaintiffs-appellants as in this case; and the defendants-appellees in this case stand in the same exact position legally speaking as did the defendant-appellee, Mrs. Ida F. Merritt, in the 1960 case.

If the 1960 case, at its termination, concluded the matters at issue between the parties in that case, and if the matters at issue in the present case are the same matters at issue in the 1960 case, then it should be apparent that the plaintiffs-appellants in the present case cannot prevail.

The 1960 case was appealed to this court because the trial court had sustained a general demurrer filed by Mrs. Ida F. Merritt and had dismissed the complaint. This court reversed, holding that the trial court's judgment was erroneous. *Nuckolls v. Merritt,* 216 Ga. 35, supra. After reversal by this court, the case proceeded to trial in the Superior Court of Forsyth County at the July

term, 1960. The trial resulted in a judgment being rendered in favor of the defendant, Mrs. Ida F. Merritt. That judgment became final. That judgment in part adjudged as follows: ". . . That the relief sought by the plaintiffs be and it is hereby denied and that plaintiffs are not entitled to recover. It is further ordered and adjudged that Mrs. Ida F. Merritt is vested with title to the land described in plaintiffs' petition by virtue of the provisions of the judgment of the Court of Ordinary of Forsyth County, Georgia rendered at the May term thereof in 1959 after the decree of this court entered on the 26th day of November, 1958, whereby the estate of Luther Merritt was adjudged to have title to the land described in the plaintiffs' petition in this case, . . . "

That judgment was entered July 26, 1960, and it, as stated before, became a final judgment.

The complaint in the present case was filed June 27, 1972, and it sought to have the July 26, 1960, judgment of the Superior Court of Forsyth County declared null and void and set aside.

It is rather obvious that since the July 26, 1960, judgment established title to the realty in controversy in Mrs. Ida F. Merritt, the predecessor in title of the defendants-appellees in the present case, the plaintiffs-appellants in the present case cannot prevail unless that July 26, 1960 judgment is set aside.

The trial judge in the instant case granted a motion for summary judgment in behalf of the defendants-appellees, holding in effect that the plaintiffs-appellants are bound by the July 26, 1960 judgment, that that judgment became final, and that the present action came too late to set that judgment aside. The trial court's judgment dismissing the complaint in the present case was entered December 9, 1972, and the appeal here is from that judgment.

The trial court's judgment was correct and must be affirmed.

The 1960 decision of this court in *Nuckolls v. Merritt,* supra, merely held that the complaint in that case stated a cause of action, and that it should not have been dismissed on general demurrer. The complaint in that case had alleged that the realty in controversy then, as well as now, had not been a part of the estate of Luther L. Merritt and could not have been set aside as a year's support to his widow, Mrs. Ida F. Merritt. This court in effect held that this allegation stated a cause of action for determination in the trial court. This court's decision was rendered May 5, 1960. The case was then tried in the trial court in July, 1960, and judgment in the trial court was entered in the case on July 26, 1960. That judgment plainly determined that the property in controversy was a part of the estate of Luther L. Merritt, and that the year's support judgment was valid because it was based on a decree of Forsyth Superior Court entered on the 26th day of November, 1958, "whereby the estate of Luther Merritt was adjudged to have title to the land described in the plaintiffs' petition in this case."

The appellants contend now in this appeal that the judgment of July 26, 1960 was void and should be set aside because it was based on a year's support judgment that was void and a 1958 decree of the Superior Court of Forsyth County that was void, even though the judgment of July 26, 1960, had held that they were valid.

The judgment of July 26, 1960 became final. If it was an erroneous judgment it should have been appealed or a timely motion to set it aside should have been made. Neither of these possible avenues for relief was pursued.

The present action was brought in 1972 to set this judgment of July 26, 1960 aside.

The present law provides that a judgment void because of lack of jurisdiction of the person or subject matter may

be attacked at any time. Code Ann. § 81A-160 (f). No contention is made that the 1960 judgment is void because of lack of jurisdiction of the person or the subject matter. In fact, the appellants here invoked the jurisdiction of the Superior Court of Forsyth County in that case in 1960.

The present law also provides that in all other instances a complaint to set aside or attack a judgment shall be brought within three years from the entry of the judgment complained of. Code Ann. § 81A-160 (f).

The present law with respect to the time within which a judgment can be attacked has been in effect since September 1, 1967. Code Ann. § 81A-186. It is therefore clear that the 1960 judgment was valid, a complaint filed in June of 1972 to set it aside was not timely, and the trial court's judgment granting the motion for summary judgment on behalf of the defendants-appellees was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 15, 1973 — DECIDED JUNE 21, 1973.

*G. Gibson Dean, II,* for appellants.

*Robinson, Buice, Harben & Strickland, Emory F. Robinson,* for appellees.