## 51255. JORDAN v. G. A. C. FINANCE CORPORATION OF ATLANTA.

CLARK, Judge.

Via an immediate review certificate we are called upon to consider interlocutory rulings wherein the Fulton

County Superior Court refused to permit a collateral attack upon judgments obtained in the Jackson County Superior Court.

The instant suit began as an action for malicious use of process by a borrower against a licensed industrial loan company. The complaint alleged the defendant-lender had instituted garnishment proceedings after plaintiff-borrower had paid in full a judgment obtained in the Jackson County Superior Court. Defendant-lender answered that plaintiff-borrower had made two separate loans on which two independent judgments had been rendered, so that a balance remained owing upon a second and later judgment. Thereupon tactical maneuvers by plaintiff and defendant brought into the record all of the Jackson County proceedings on both judgments with plaintiff seeking to attack the validity of these judgments. The interlocutory result from which this appeal was taken were rulings by the trial court which did not permit such collateral assault.

Appellant-plaintiff relies upon those appellate decisions commencing with *Lewis v. Termplan, Inc.,* 124 Ga. App. 507 (184 SE2d 473) which ruled that the presence in an industrial loan contract of *verboten* acceleration language invalidated the transaction. As stated in appellant's brief (page 5), "[T]he thrust of this appeal is an inquiry into the collateral attack of a judgment pursuant to Georgia Code Annotated § 81A-160 (a)." Appellee's advocate argues that collateral attack is not the appropriate procedural device, pointing out that except for the recent industrial loan decisions wherein the invalidity of contracts containing the forbidden language was raised as a defense, the earlier decisions involved motions to set aside default judgments in the same court where the judgments were rendered.

We find it unnecessary to decide the procedural question.

Our Civil Practice Act sets forth the procedure for relief from judgments in Section 60. This is codified as § 81A-160. In *Payne v. Shelnutt,* 126 Ga. App. 598, 599 (191 SE2d 487, 488) this court noted the legislative intent of that section was to provide a comprehensive determination of procedures for attacks on judgments.

Paragraph (f) thereof is captioned "Procedure; time of relief." The period of time therein established is "three years from entry of judgment" excepting as to judgments void for lack of jurisdiction of the person or subject matter and for motions for new trial.

The Jackson County judgments are dated February 20, 1971, and March 6, 1971. As more than three years expired before the filing of the instant suit on April 15, 1974, the trial court's rulings were correct. See *Williams v. Nuckolls,* 230 Ga. 697 (198 SE2d 870).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1975 — DECIDED NOVEMBER 19, 1975.

*Fay R. Loggins, Smith & Allgood, Douglas E. Smith,* for appellant.

*Neely, Freeman & Hawkins, Andrew M. Scherffius, III,* for appellee.