51391. EARWOOD et al. v. LIBERTY LOAN CORPORATION OF ROME.

QUILLIAN, Judge.

On April 11, 1972, a judgment based on default was entered against the defendants, appellants here. On April 11, 1975 the defendants filed their motion to set aside the judgment of April 11, 1972. After a hearing the trial judge overruled and dismissed the motion. Appeal was then taken to this court.

1. The first issue for our determination concerns whether the motion to set aside was timely under CPA § 60 (f) (Code Ann. § 81A-160 (f); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) which requires: ". . . all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of."

The plaintiff, appellee, here contends that the motion was not in time, relying on the many statute of limitation cases which hold that where a two year limitation is in effect a suit is too late when filed on the same date as the cause of action arose two years before. "An action brought November 24, 1964, to recover damages for an injury sustained November 24, 1962, is barred by the statute of limitation, Code § 3-1004. . .The running of the statute begins on the day the injury was suffered and without reference to the time of day or fractions of days." *Davis v. Hill,* 113 Ga. App. 280 (1) (147 SE2d 868), and cits. *Holliday v. Lacy,* 118 Ga. App. 341 (1) (163 SE2d 750).

In *Davis v. U. S. F. & G. Co.,* 119 Ga. App. 374, 375 (167 SE2d 214), the court pointed out that "CPA § 6 (a) does not apply directly to determine the computation of the period of time involved in a statute of limitation." Therefore, those cases are not here applicable, for CPA § 6 (a) provides: *"In computing any period of time prescribed or allowed by this Title . . .* the day of the act, event, or default from which the designated period of time begins to run shall not be included. . .This subsection shall apply whether the period is measured in days, months, *years,* or other unit of measurement of time." (Emphasis supplied.) Code Ann. § 81A-106 (a) (Ga. L. 1966, pp. 609, 617; 1967, pp. 226, 229, 230).

CPA § 60 (f) falls squarely within the rule of CPA § 6 (a) and thus the motion to set aside was timely. For the time period would be from April *12,* 1972, until April 11, 1975, or within 3 years.

2. As held by Judge Clark in *Hinsley v. Liberty Loan Corp.,* 133 Ga. App. 344 (3) (211 SE2d 3), "Where a violation of the Industrial Loan Act appears on the face of the record, it is error to deny a motion to set aside the judgment."

The loan agreement on which this original action was based contained an acceleration clause which reads: "The holder hereof may declare an acceleration of this note, rendering the balance then outstanding hereon immediately due and payable, in case of default in the payment of any installment,. . ." This clause violates the Georgia Industrial Loan Act, Code Ann. Ch. 25-3 (Ga. L. 1955, p. 431, as amended). *Hardy v. G. A. C. Fin. Corp.,* 131 Ga. App. 282, 283 (205 SE2d 526), affirmed *G. A. C. Fin. Corp. v. Hardy,* 232 Ga. 632 (208 SE2d 453).

It was error to overrule the motion to set aside.

*Judgment reversed. Pannell, P. J., and Clark, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED NOVEMBER 26, 1975.

*W. David Arnold,* for appellants.
*James B. McGregor,* for appellee.