## 53220. WILLIAMS v. DAVIS WATER & WASTE INDUSTRIES, INC.

DEEN, Presiding Judge.

1. The appellant was sued on the following instrument addressed to the appellee: "Gentlemen: We have contracted with 3-M Corp., 15 Steve Dr. of Doraville, Ga. to install water distribution system on our project known as Bentley Condm. located at Bentley Rd. in Cobb Co., Ga. In event our contractor does not pay you for materials used on our project under the terms of your sales agreement, we guarantee prompt payment for same.

> Francis E. Williams III
> ──────────────────────
> Company or individual
>
> ──────────────────────
> By                Title"

followed by the address. A printed form was used with designations filled in by hand.

(a) Williams signed in an individual capacity. The words "company or individual" are, at most, words of description. *Saul v. Southern Seating &c. Co.,* 6 Ga. App. 843 (65 SE 1065). Here, in addition, where the printed form contained actual lines for signature in a representative capacity which were not used, it is obvious that the signer intended the obligation to be personal.

(b) No separate consideration inured to the appellant signatory, who was an officer and stockholder of Conners Capital Corp., the entity owning the Bentley Condominium project. A surety binds himself to perform if his principal does not, and this is what the appellant did. The contract is one of suretyship. *Kennedy v. Thruway Service City,* 133 Ga. App. 858 (3) (212 SE2d 492).

2. At the commencement of the trial appellant's counsel invoked the sequestration rule, and the court stated that one officer of the plaintiff corporation would be allowed to remain in the courtroom. One person was designated to remain. Appellant's counsel queried: "Your Honor, if I might ask — is this gentleman here an officer of the company?" Opposing counsel replied, "Yes, sir, he's an officer of the plaintiff Davis Water and Waste." The appellant's counsel later established on cross examination that the witness was not a corporate officer but was the regional credit manager for the company. He did not at any time thereafter and prior to judgment raise the question of the witness' competency to testify after remaining in the courtroom, although further cross, redirect and recross examination followed. In the absence of fraudulent overreaching, the witness would in fact still have been competent (*Best v. State,* 176 Ga. 46 (166 SE 772)). No such charge was made and the issue, if it existed, was waived in the absence of renewed objection.

3. Since witnesses for both parties testified that Morris Brothers or Morris Brothers Body Shop was the same business as the contractor 3-M Corporation it was

not error to admit in evidence properly identified invoices of materials shipped by Davis Meter & Supply Company to "Morris Bros. Body Shop" at the Steve Drive, Doraville, address. These invoices formed the basis of the suit by the plaintiff subcontractor of 3-M Corporation; were properly identified as business records and supported by testimony that the sums charged were owing and had not been paid. They were properly admitted in evidence. Exhibit 5, a letter identified as a letter to the plaintiff from its attorney stating that proof of claim had been filed in the bankruptcy proceedings re Morris Brothers was identified as being a business record and having been received by the witness, plaintiff's credit manager, in the regular course of business. "This section shall be liberally interpreted and applied." Code § 38-711, and see *McCarthy Const. Co. v. Southern Detectives, Inc.,* 125 Ga. App. 205 (186 SE2d 895), which, like the case at bar, was also tried without a jury. The documentary evidence was properly admitted. Since we have held that the obligation signed by the defendant was a contract of suretyship we are not concerned with whether or not plaintiff's Exhibit 5 was in fact sufficient proof in and of itself of the bankruptcy of the prime contractor which ordered the materials for the use of the defendant's corporate project.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED JANUARY 18, 1977.

*Blanton & Fudge, Gerald W. Fudge,* for appellant.
*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Dennis M. Hall,* for appellee.