## 53110. MITCHELL v. CHASTAIN FINANCE COMPANY.

MARSHALL, Judge.

Appellant Mitchell brings this appeal from a grant of summary judgment to appellee Chastain Finance Company.

The facts show that Chastain Finance entered into a loan agreement with Mitchell in March, 1960, which amounted to a refinancing of a previous loan arrangement between these same parties. The parties are in agreement that the debt was never paid. Chastain Finance obtained a default judgment in the Civil Court of DeKalb County against Mitchell in 1966 for the amount of the loan plus interest and costs. A fieri facias was issued on this judgment in June, 1966. There is further evidence that in July, 1970, Mitchell received a final discharge in bankruptcy, having scheduled as an indebtedness therein the judgment held by Chastain Finance against him. In September, 1970, Mitchell obtained a permanent stay by the Civil Court of DeKalb County of any further prosecution on the judgment and execution. There is circumstantial evidence that in October, 1970, Mitchell agreed to a consent order for consideration and issuance by the Civil Court of DeKalb County limiting the permanent stay of further enforcement of the judgment and execution only as to such real and personal property as to which Mitchell came into possession and acquired title

after the date of discharge in bankruptcy with full rights in Chastain Finance to pursue its judgment as to real or personal property in Mitchell's possession prior to the discharge. Though the records of the Civil Court of De-Kalb County were destroyed or lost upon its conversion to the State Court of DeKalb County, the parties agreed at oral argument of this case, that the above-mentioned order limiting the permanent stay was signed and issued by the civil court in October, 1970.

The parties are in further agreement and the facts support the conclusion that the judgment and execution became dormant after seven years of inactivity (Code § 110-1001 (1)). The present action was brought in the form of a scire facias to revive the dormant judgment and execution and was brought within the three years following dormancy as required by pertinent statute (Code §§ 110-1002, 110-1003).

Mitchell enumerates as error the grant of summary judgment to Chastain Finance and bases his contention on several prongs. He complains that the indebtedness was discharged by the bankruptcy proceedings; that the original indebtedness was usurious, thus void and unenforceable; that even assuming the lien created by the judgment survived bankruptcy, it was lost when the judgment became dormant in 1973; and finally that the order reviving the lien beyond the discharge in bankruptcy of October, 1970, was never signed by the judge of the Civil Court of DeKalb County. *Held:*

1. The first and fourth noted enumerations of error are related and will be treated together. The first enumeration of error asserts that the enforcement of the lien arising out of the judgment was barred by the subsequently obtained discharge in bankruptcy. *Thomas v. Towns,* 66 Ga. 78. This argument ignores the consent order entered into by Mitchell after the discharge in bankruptcy, limiting the effect of the discharge to property obtained after the date of the discharge. Revival of a prior obligation following discharge is permissible. A discharge in bankruptcy while releasing the bankrupt from the legal liability to pay a debt that was provable in the bankruptcy, leaves him under a moral obligation that is sufficient to support a new promise to pay the debt. The

theory is that the discharge destroys the remedy but not the indebtedness. It follows that a debt barred by discharge in bankruptcy may be revived by a new promise made after the discharge. Zavelo v. Reeves, 227 U. S. 625, 629 (33 SC 365, 57 LE 676); *Dicks v. Andrews,* 132 Ga. 601 (1) (64 SE 788); *Moore v. Trounstine,* 126 Ga. 116 (54 SE 810); *Marshall v. State,* 127 Ga. App. 805, 809 (195 SE2d 469).

However, Mitchell contends that the consent order as appearing in the record was not signed by the judge and thus had no legal efficacy. The record does reflect that following discharge, counsel for Mitchell sent a copy of an all-inclusive and permanent stay issued by the Civil Court of DeKalb County to counsel for Chastain Finance. That same day Chastain Finance's counsel sent a draft copy of the questioned and more limited consent order to Mitchell's counsel asking for agreement and signature. A letter signed by Mitchell's counsel returned the consent order indicating agreement and accomplishment of the signing. Thereafter a letter addressed to the court by Chastain Finance indicated that the consent order, signed by both parties, was forwarded to the court for promulgation. Counsel for Chastain Finance indicated in argument that he had seen the original order signed by the court. Counsel for Mitchell, in oral argument, stated he would not contest that assertion.

Under the above-stated circumstances, this constituted an admission in judicio by Mitchell's counsel of the validity of the order and dispensed with the necessity of further proof thereof. *Boardman v. Ga. R. Bank &c. Co.,* 127 Ga. App. 63 (3) (192 SE2d 390). See *Central of Ga. R. Co. v. Johnston,* 106 Ga. 130 (1) (32 SE 78); *N. A. A. C. P. v. Pye,* 96 Ga. App. 685 (101 SE2d 609); *Gregory v. Star Enterprises, Inc.,* 122 Ga. App. 12, 13 (1) (176 SE2d 241). We conclude that, notwithstanding the discharge in bankruptcy, the consent order revived Mitchell's obligation to satisfy the lien based upon the judgment to the extent authorized by the consent order, i.e., as to property owned by Mitchell prior to the discharge.

2. In a related enumeration of error, Mitchell argues that, even assuming that the consent order caused the

judgment lien to survive the discharge in bankruptcy, the judgment and surviving lien expired when they became dormant in 1973. Even though the scire facias had the effect of reviving the judgment, the law is clear that the lien as revived attached only as of the date of the revival. *McLendon v. Shumate,* 128 Ga. 536 (57 SE 886). From this position Mitchell argues that the revived lien attached to property owned by him after the date of the discharge in bankruptcy in violation of the purpose and intent of the bankruptcy law. *Peterson v. Calhoun,* 137 Ga. 799 (74 SE 519).

We reject this argument. There is no question that the judgment and lien became dormant in 1973. It is equally clear that the purpose of Code §§ 110-1002, 110-1003 is to enable a judgment creditor to revive a dormant judgment. Once revived, the judgment also revived the lien which Mitchell had consented would be effective as to property owned by him prior to the discharge in bankruptcy. Whether any of that property still exists or is owned by Mitchell or has changed its character is not a matter of concern in this court. We simply conclude that the scire facias sued out by Chastain Finance fully revived the judgment and lien arising therefrom and that the consent order of 1970 (also revived) authorized the judgment lien to attach to property owned by Mitchell prior to his discharge in bankruptcy.

3. Mitchell contends that he is entitled to judgment in this case because the judgment upon which the scire facias was based related to a promissory note that upon its face was usurious. Pretermitting its usurious character, there is no contest that the original judgment was based upon a default by Mitchell. Likewise there is no dispute that the judgment has never been satisfied. Lastly, there is no dispute that the original judgment was obtained more than three years prior to Mitchell's attack upon it.

On the general principle of res judicata (which applies equally to proceedings by scire facias as to any other action or suit), and on the further ground that this method of reviving a judgment is merely a supplementary step in the original action, the defendant is absolutely precluded from going behind the judgment and offering in

defense to the scire facias any matter which existed before the rendition of the original judgment and might have been presented in the former proceeding. In no case and under no circumstances can the merits of the original judgment be inquired into by the defendant on a writ to revive it. *Weaver v. Webb, Gault & Kellogg,* 3 Ga. App. 726 (1) (60 SE 367); *Jordan v. G. A. C. Finance,* 136 Ga. App. 641, 642 (222 SE2d 149); CPA § 60 (Code § 81A-160). Inasmuch as the purported attack mounted by Mitchell does not extend to a lack of jurisdiction of the person or the subject matter or a motion for a new trial, the passage of three years from the date of the judgment precludes him from now collaterally attacking the original judgment. *Payne v. Shelnutt,* 126 Ga. App. 598, 599 (191 SE2d 487).

4. The purpose of the Summary Judgment Act is to eliminate the necessity for trial by jury where, giving the opposing party the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence, there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173). Such is the case here. The trial court did not err in granting summary judgment to Chastain Finance as to assets owned by Mitchell prior to his discharge in bankruptcy.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED JANUARY 5, 1977 — DECIDED FEBRUARY 15, 1977 — REHEARING DENIED MARCH 8, 1977.

*Redfern, Butler & Morgan, James E. Massey,* for appellant.

*Worozbyt & Nodvin, Marvin P. Nodvin,* for appellee.