## 55510. RICKS v. LIBERTY LOAN CORPORATION.

SHULMAN, Judge.

Appellant brought this suit as a class action on behalf of himself and all other customers of appellee who have been subject to liability on the basis of industrial loan contracts containing acceleration language which renders the contracts and judgments based thereon void. As a part of his action, appellant sought to have set aside such a judgment against him. Appellee moved for summary judgment on the ground that the action is time-barred by Code Ann. § 81A-160 (f). This appeal is from the grant of that motion.

1. "[A] judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." *Wasden v. Rusco Industries,* 233 Ga. 439, 444 (211 SE2d 733).

The contract on which the judgment against appellant was based contained an acceleration clause which reads: "The holder hereof may declare an acceleration of this note, rendering the balance then

outstanding hereon immediately due and payable, in case of default in the payment of any installment. . ." That clause violates the Industrial Loan Act, Code Ann. Ch. 25-3 (Ga. L. 1955, p. 431 as amended). *Earwood v. Liberty Loan Corp.,* 136 Ga. App. 799 (2) (222 SE2d 204). The judgment based on that note, which was necessarily in the record, was, therefore, void on its face. *Cooper v. Public Fin. Co.,* 144 Ga. App. 572 (241 SE2d 839).

2. "[A] judgment void on its face may be attacked in any court by any person when it becomes material to the interests of the parties to consider it. Code Ann. §§ 81A-160 (a), 110-709. . . A void judgment is a mere nullity and has no vital force under any consideration or *at any time.* There is no presumption of validity. Since this is true, such a judgment may be attacked in any court and by anybody *whenever* it becomes necessary. Nothing can occur which will give the judgment life, and even if an execution has been issued upon it, it may still be attacked. *Statutes of limitation have no application to this class of judgments, and there can be no bar, estoppel or limitation as to the time when a void judgment may be attacked.* [Cits.]" *Wasden,* supra, pp. 444, 445. (Emphasis supplied.)

While it is apparent from the facts of the case that the language above concerning the lack of restrictions on the time in which a void judgment may be attacked was not necessary to the decision in *Wasden,* we find the logic of the position there taken to be compelling.

3. In *Jordan v. G. A. C. Fin. Corp.,* 136 Ga. App. 641 (222 SE2d 149), this court, without deciding whether the judgments there involved were void, ruled that the attack on them was barred by the three-year period of limitation in Code Ann. § 81A-160(f). Insofar as that opinion may be construed to hold that § 81A-160 (f) applies to an attack on a judgment void on its face, it is not the law of this state and will not be followed.

The decision of the Supreme Court in *Williams v. Nuckolls,* 230 Ga. 697 (198 SE2d 870), on which *Jordan* relies, does not require a contrary result in this case. There, an attack was mounted on a judgment more than three years old, the plaintiff asserting that the judgment was void because it was based on two prior void judgments. The Supreme Court, noting that there were no

assertions that the judgment was void for lack of jurisdiction over the person or the subject matter, applied the three-year period of limitation in Code Ann. § 81A-160 (f) and held that the attack was not timely. To appreciate the basis for that decision, it must be read in conjunction with the Supreme Court's earlier decision in the same case, *Williams v. Nuckolls,* 229 Ga. 48 (189 SE2d 82). There, the Supreme Court held that neither of the two underlying judgments was void on its face.

Since those two judgments were not void, it is clear that the judgment based thereon was also not void on its face. Therefore, the case reported at 230 Ga. 697 did not deal with the situation involved in *Wasden* and the present case, a judgment void on its face, and is not authority for the position taken in *Jordan,* i.e., that the period of limitation in Code Ann. § 81A-160 (f) applies to an attack on a judgment void on its face.

4. In the context of the action brought by appellant it is clear that an attack on the prior judgment was material to his interests. Since, as we have held, the judgment was void on its face, the attack was not barred by Code Ann. § 81A-160 (f). It was, therefore, error to grant appellee's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 28, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 10, 1978 — ■

*Clein & Heimanson, Neil L. Heimanson,* for appellant.

*Hansell, Post, Brandon & Dorsey, Richard M. Kirby, W. Rhett Tanner,* for appellee.