## 56827. WEBB v. NATIONAL DISCOUNT COMPANY, INC.

MCMURRAY, Judge.

This case involves a suit on a note which was made under the "Georgia Industrial Loan Act." See Code Ann. Ch. 25-3 (Ga. L. 1955, pp. 431, 444, as amended by Ga. L. 1978, pp. 1033, 1034). Suit was served by a deputy marshal of the State Court of Fulton County on Lewis Webb, one of the defendants, on "2-5-1970." He also served the defendant Juanita Webb on the same date by "leaving a copy of the action and summons at his [sic] most notorious place of abode in this county. Delivered same into hands of Lewis, a . . . white . . . person," thereafter described as the same address as that of Lewis Webb.

After a default judgment on March 24, 1970, defendant Juanita Webb on December 20, 1977, filed her motion to set aside because of lack of jurisdiction of the court over her person in that she had not been legally served with process and because of improper venue in that the defendant was not a resident of Fulton County at the time of the commencement of this action resulting in the default judgment. The case came on for a hearing and defendant showed positively that she was a resident of Jonesboro, Clayton County, Georgia, for a continuous

period from 1967 to December, 1977, and that at no time did she ever live with Lewis Webb, whom she had divorced on January 16, 1969, at any other address other than the address at Jonesboro, Clayton County, Georgia. Defendant showed that she had no knowledge of the lawsuit or default that was subsequently rendered until a fi. fa. issued and her automobile was seized to pay the default judgment. She subsequently paid $50 on the judgment to prevent a garnishment proceeding being brought against her at her place of employment. Whereupon the court verbally stated that the defendant was guilty of estoppel in that "by her own admission. . . the lady has known about this thing since 1970." The court also held that she had failed to move to set same aside in less than seven years. Whereupon, the court denied defendant's motion. Defendant appeals. *Held:*

1. This is another one of the many, many cases involving the Georgia Industrial Loan Act. See in this connection *Consolidated Credit Corp. v. Peppers,* 144 Ga. App. 401, 404 (240 SE2d 922).

2. A motion to set aside shall lie to attack a judgment based upon lack of jurisdiction over the person, "regardless of whether such lack of jurisdiction appears upon the face of the record of pleadings." See Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138). "A judgment void because of lack of jurisdiction of the person . . . may be attacked at any time . . . [i]n all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of." See Code Ann. § 81A-160 (f), supra.

3. The mere evidence that the defendant had obtained something from the court by receipt paid by her with the case number shown thereon in the amount of $4 on April 3, 1970, shortly after judgment was obtained on March 24, 1970, is insufficient evidence to show an estoppel to attack the judgment here. Nor does the three year statute of limitation apply to a judgment void because of lack of jurisdiction of the person which "may be attacked at any time." The court erred in denying the motion. See Code § 110-709; *Anderson v. Turner,* 35 Ga. App. 428 (133 SE 306); *Johnson v. Wright,* 48 Ga. 648 (2),

652; *Jones v. Jones,* 181 Ga. 747 (1, 2, 4, 5, 6), 752-753 (184 SE 271).

*Judgment reversed. Quillian, P. J., and Webb, J. concur.*

Submitted November 6, 1978 — Decided December 1, 1978.

*Ferguson & Todd, Monroe Ferguson, Joseph M. Todd,* for appellant.

*Adams & Smith, John O. Adams, Jr.,* for appellee.