56944. KIPLINGER v. NATURE ISLAND, INC. et al.

BANKE, Judge.

The plaintiff, Robert Kiplinger, sued Nature Island, Inc., and Hugh Oliver in the State Court of DeKalb County to recover on a promissory note. During the pendency of the action, Nature Island, Inc., filed bankruptcy proceedings, and the action against it was stayed.

Judgment was entered against the remaining defendant, Oliver, when he failed to appear for trial on December 20, 1977. On February 1, 1978, pursuant to a motion filed by the defendant, the trial court vacated this judgment on the ground that the defendant had not been notified of the trial date. The case was again placed on a trial calendar for March 21, 1978, and was duly advertised in the official county organ. Again, the defendant failed to appear, his defensive pleadings were stricken, and a judgment was entered against him by default. On April 10, 1978, acting on his own motion, the trial court vacated this judgment on the ground that the defendant had obtained a new attorney and this attorney's name had not been published in the notice of the trial date. The case was once again placed on a trial calendar and came to trial on July 10, 1978. After the

plaintiff had presented his case, his complaint was dismissed on the ground of a defect in service of process. He now appeals. *Held:*

The State Court of DeKalb County (formerly the Civil and Criminal Court of DeKalb County) has "monthly terms beginning with the first Monday in each month . . ." Ga. L. 1951, pp. 2401, 2404. Thus, the court's order of April 10, 1978, vacating its March 21st judgment was not entered within the same term of court as the judgment vacated. " 'A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion.' [Cits.]" *C. & S. Nat. Bank v. Burden,* 145 Ga. App. 402 (1) (244 SE2d 244) (1978). However, the trial judge's authority to set aside a judgment in this manner ends with the term in which the judgment is rendered. Accordingly, the court was without authority to change its March 21st judgment in the absence of a written motion filed in accordance with Code Ann. § 81A-160. Furthermore, there is no indication in the record that the clerk was ever notified of any substitution of counsel. Therefore, the clerk had no duty to notify the new counsel of the trial date, and the trial court's judgment was in error for this reason, as well. See Code Ann. § 81A-140 (c); *Tallman Pools of Ga. v. Napier,* 137 Ga. App. 500 (1) (224 SE2d 426) (1976).

The final judgment in this case is reversed with direction that the trial court enter judgment for the plaintiff on the same terms as the March 21, 1978 judgment.

*Judgment reversed with direction. Deen, C. J., and Smith, J., concur.*

Submitted November 14, 1978 — Decided February 21, 1979.

*Wayne F. Browning, Jr.,* for appellant.
*Charles F. Cory, Lynwood A. Maddox,* for appellees.