### 63984. SHEPHERD v. METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY.

SHULMAN, Presiding Judge.

This is an appeal from the trial court's order denying appellant's motion to set aside two orders granting summary judgments to appellee.

Appellant initially brought suit (Civil Action No. 53255 in the trial court) against appellee, seeking to recover insurance proceeds pursuant to a policy of insurance covering appellant's residence. Appellant also sought penalties and attorney fees pursuant to Code Ann. § 56-1206. During the pendency of that action appellee moved for partial summary judgment on the issue of attorney fees and penalties. The trial court granted appellee's motion on April 28, 1980. No appeal was taken from that order. Instead, on June 18, 1980, appellant filed a "partial dismissal" in which he dismissed without prejudice all claims in Civil Action No. 53255 "except for a claim seeking penalties and attorney's fees." On the same date, he initiated two new actions (No. 55162 and No. 55163 in the trial court) against appellee, in which he sought similar relief based upon the same transaction involved in No. 53255. Appellee subsequently filed motions for summary judgment in both No. 55162 and No. 55163 and asserted that both cases should be dismissed pursuant to Code Ann. § 3-601 due to the pendency of No. 53255. In an affidavit filed prior to the hearing on the motions, appellant's counsel agreed that his client did have a claim pending in No. 53255. The motions for summary judgment were granted by the trial court on June 3, 1981, and no appeal was taken from either order.

Appellant did not attack the summary judgments until September 17, 1981, when he filed his motion to set aside the judgments pursuant to Code Ann. § 81A-160. The trial court denied the motion and timely appeal was made to this court. Appellee has filed a motion to dismiss the appeal.

1. Appellee argues in its motion to dismiss that the denial of appellant's motion to set aside is not properly before this court because the motion was not filed within the term of court in which the judgments under attack were rendered. However, a motion made pursuant to Code Ann. § 81A-160, as was the motion in this case, does not have to be filed within the same term of court in which the challenged judgment was rendered. *Kiplinger v. Nature Island, Inc.,* 149 Ga. App. 103 (253 SE2d 569). Contrary to appellee's assertion, appellant's motion was properly made pursuant to Code Ann. § 81A-160. Appellee's motion to dismiss is without merit and is accordingly denied.

2. Appellant's first enumeration of error charges that it was error for the trial court to grant summary judgments in favor of appellee in Civil Action Nos. 55162 and 55163. This enumeration is couched in the form of a direct attack on the summary judgments, both of which were final judgments pursuant to Code Ann. § 81A-154 (b). As noted, no appeal was taken from either order and the time within which a direct appeal could be made has long since passed. Code Ann. § 6-803.

3. Appellant's second enumeration assigns error to the trial court's denial of his motion to set aside. Appellant argues both that the judgments are void on their face, which makes them subject to being set aside under Code Ann. § 81A-160 (a), and that they each contain a nonamendable defect that does appear on the face of the record, which makes them subject to being set aside under Code Ann. § 81A-160 (d). We disagree with appellant on both issues.

"[A] judgment is void on its face when there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed." *Wasden v. Rusco Industries,* 233 Ga. 439, 444 (211 SE2d 733). The judgment must be more than "just an erroneous conclusion of law." Id. The challenged judgments in these cases are not patently void and the record in the cases does not affirmatively demonstrate their invalidity. If the trial judge was incorrect in determining that appellee was entitled to summary judgment based on Code Ann. § 3-601, the proper method for consideration of the merits of that decision was a direct and timely appeal from the judgments.

The situation presented in these cases differs markedly from those in which a judgment is rendered by a court without proper jurisdiction (see, e.g., *Webb v. National Discount Co.,* 148 Ga. App. 313 (251 SE2d 163)), or is based upon a contract provision that has been declared void (see, e.g., *Ricks v. Liberty Loan Corp.,* 146 Ga. App. 594 (247 SE2d 133)), or is based upon a constitutionally-abolished tax exemption (see, e.g., *Wasden v. Rusco Industries,* supra, p. 444). There is no showing in the record of these cases that the judgments were rendered by a court sitting without jurisdiction or that they were otherwise patently void.

Likewise, the judgments contain no "nonamendable defect which does appear upon the face of the record or pleading." Code Ann. § 81A-160 (d). The essence of appellant's motion to set aside is that the trial court misapplied Code Ann. § 3-601 in entering the summary judgments. Relief will not be granted pursuant to § 81A-160 (d) merely because the judgments may be " 'contrary to the principles of law applicable to the case.' " *C & S Nat. Bank v. Burden,* 145 Ga.

App. 402, 404 (244 SE2d 244).

Even if relief was otherwise proper pursuant to Code Ann § 81A-160 (d), it is clear that the ground upon which the judgments are now being attacked (i.e., that appellant had, in fact, no claim pending in No. 53255 when the summary judgments were entered) could have been discovered by appellant through the exercise of reasonable diligence prior to the entry of the judgments. "[W]here appellant uses a motion to set aside the judgment . . . he is precluded from using the ground which he had known or could have discovered through reasonable diligence." *Camp v. Fidelity Bankers &c. Ins. Co.,* 129 Ga. App. 590 (200 SE2d 332). See also *Clark v. Kaiser Agricultural Chemicals,* 156 Ga. App. 251 (274 SE2d 648). Appellant was certainly not precluded from challenging the motions for summary judgment made on the ground that a prior pending action remained. Instead, he agreed with appellee's assertion that appellant's claims, or at least a portion thereof, remained pending in the previously filed action. He cannot now attack the final judgments entered by the trial court on the ground that the court was wrong in reaching the same conclusion reached by both appellant and appellee at the time the judgments were entered.

*Judgment affirmed. Quillian, C. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 30, 1982 — ▪▪▪▪▪

*James A. Parker, Alford Wall,* for appellant.
*E. Bruce Benton,* for appellee.