## 66680. SMITH v. ROSS et al.

Pope, Judge.

On April 21, 1982 Clarence A. Smith, d/b/a Atlanta Used Truck Sales, filed a complaint for damages as a result of alleged negligence on the part of defendants Mrs. R. A. Sims, John W. Lindsey, and Robert Ross. The defendants were sued jointly and severally. Ross and Lindsey answered pro se denying liability. Mrs. Sims filed an answer and counterclaim along with a jury demand. Later, Mrs. Sims dismissed her counterclaim without prejudice, and Smith dismissed, without prejudice, his complaint as to Mrs. Sims only, leaving intact his claim against Lindsey and Ross. On September 14, 1982 the case was called for trial and neither Ross nor Lindsey appeared. The court struck their defensive pleadings, heard evidence as to damages, and entered default judgment, jointly and severally, in the amount of $6,236.75.

On December 21, 1982 Ross filed a motion to set aside the judgment, alleging lack of personal jurisdiction, excusable neglect, and that a non-amendable defect appeared on the face of the record. On February 11, 1983 the trial court set aside the judgment on the basis that justice required it to be set aside; the trial court did not find any non-amendable defect on the face of the record. Smith then sought and was granted this interlocutory appeal.

" 'The trial court has the inherent power to amend or set aside a judgment for any "meritorious reason," provided the motion to set aside is filed during the term in which the judgment was rendered. [Cit.]' " *Goode v. O'Neal, Banks & Assocs.,* 165 Ga. App. 162 (300 SE2d 191) (1983). Judgment in the present case was rendered during the September term of 1982 of the trial court; the motion to set aside the judgment was filed in the December term of court in 1982; and the order setting aside that judgment was rendered during the February term of court for 1983. Here, the trial court relied on its inherent power to set aside a judgment rendered in a previous term. In this situation, the trial court had no authority to vacate or set aside such judgment except for defects appearing on the face of the record. See *Kiplinger v. Nature Island, Inc.,* 149 Ga. App. 103 (253 SE2d 569) (1979).[1] Therefore, it was error for the trial court to set aside the judgment based solely upon its inherent power to do so.

---

[1] Ga. L. 1951, p. 2401, Section 9, which provided for monthly terms beginning with the first Monday in each month for the State Court of DeKalb County, was amended by Ga. L. 1983, p. 4332 (effective March 18, 1983), to provide for four terms of court annually to begin on the first Mondays in January, April, July and October.

The trial court did not find, nor do we, any non-amendable defect on the face of the record. Nor can we agree with Ross that there was no jurisdiction over his person. Ross was sued jointly and severally with Lindsey. Ross, a Fulton County resident, was served personally. Lindsey was served by leaving process with his wife at his DeKalb County address. See OCGA § 9-11-4 (d)(7) (Code Ann. § 81A-104). Therefore, venue in DeKalb County was proper. Ga. Const. 1976, Art. VI, Sec. XIV, Par. IV (Code Ann. § 2-2304) (now Ga. Const. 1983, Art. VI, Sec. II, Par. IV (Code Ann. § 2-4804)). In a case involving alleged joint tortfeasors, the test of whether a verdict may be obtained against a nonresident defendant is whether the verdict against the resident defendant is authorized. *Woods v. Universal C. I. T. Credit Corp.,* 110 Ga. App. 394 (8) (138 SE2d 593) (1964). Since the answer of the resident defendant (Lindsey) had been stricken and thus the case was in default as to him, "a verdict against both the resident and nonresident defendant [Ross] was authorized." Id. at 397. Compare *O'Neill v. Western Mtg. Corp.,* 153 Ga. App. 151 (264 SE2d 691) (1980).

The judgment in this case is reversed with direction that the trial court enter judgment for Smith on the same terms as the September 14, 1982 judgment.

*Judgment reversed with direction. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 9, 1983.

*Daniel F. Bridgers,* for appellant.
*Howard H. Johnston,* for appellees.
John W. Lindsey, *pro se.*