## 71254. SEAY'S HOME FURNISHINGS, INC. v. DOZIER HOME BUILDERS, INC. et al.
### (337 SE2d 440)

McMurray, Presiding Judge.

Plaintiff Seay's Home Furnishings, Inc. brought suit against Dozier Home Builders, Inc. and James A. Dozier in the State Court of Clayton County. It was alleged that the corporate defendant was indebted to plaintiff on an account and that the individual defendant was indebted to plaintiff pursuant to a suretyship or guaranty agreement.

The suretyship agreement appeared on a credit application which was incorporated in the complaint by reference. The application was made on behalf of the corporate defendant. The name of the individual defendant appeared thereon as an officer of the corporation.

The application was signed by the individual defendant in two places. The word "applicant" was printed underneath one of the individual defendant's signatures. The words "guarantor and pledgee" were printed under the individual defendant's other signature.

The following statement appeared above the signatures of the individual defendant: "In consideration of credit being extended by Seay's to me/us/it, I and/or we certify the truthfulness and veracity of the statement appearing above, and I and/or we guarantee and bind ourselves to the faithful payment of all amounts purchased or now owing, by us or either of us, or any other person, firm or corporation for our benefit. If credit is extended to a corporation in which we, or either of us, or I as an officer, or in which an interest exists I and/or we will personally faithfully guarantee the payment of all credit extended to said corporation."

Defendants answered, denying the material allegations of the complaint, and the case proceeded to trial. It was heard by the trial court sitting without a jury. Following the presentation of evidence, the court determined that the corporate defendant was liable to plaintiff on an account for principal, interest and attorney fees. With regard to the liability of the individual defendant, however, the court concluded as a matter of law that the application was "insufficient to create an obligation of guaranty or any other obligation by the individual defendant." Accordingly, the court found that the individual defendant was not indebted to plaintiff in any amount whatsoever. Plaintiff appeals. *Held*:

"The contract of suretyship or guaranty is one whereby a person

obligates himself to pay the debt of another in consideration of a benefit flowing to the surety or in consideration of credit or indulgence or other benefit given to his principal, the principal in either instance remaining bound therefor. Sureties, including those formerly called guarantors, are jointly and severally liable with their principal unless the contract provides otherwise. There shall be no distinction between contracts of suretyship and guaranty." OCGA § 10-7-1.

In its sole enumeration of error, plaintiff contends the trial court erred in ruling that the application was insufficient as a matter of law to create a contract of suretyship or guaranty. We agree.

No particular or formal phrase is required to create a contract of suretyship or guaranty. *W. T. Rawleigh Co. v. Overstreet*, 71 Ga. App. 873 (1) (32 SE2d 574); OCGA § 10-7-4. The language employed in the credit application was sufficient to show a written promise by the individual defendant to be responsible for credit extended by plaintiff to the corporate defendant. See *Craton v. Brock Candy Co.*, 37 Ga. App. 728 (141 SE 916). See also *Buck v. Bank of Georgia*, 104 Ga. 660 (30 SE 872). The trial court erred in ruling otherwise.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 30, 1985.

*Scott Walters, Jr.*, for appellant.
*John L. Watson, Jr.*, for appellees.