A90A0657. DENNISSON v. LAKEWAY PUBLISHERS, INC.

(395 SE2d 366)

CARLEY, Chief Judge.

Appellee-plaintiff brought this contract action against appellant-defendant and subsequently moved for summary judgment. Appellant brings this appeal from the trial court's grant of appellee's motion.

1. Appellant enumerates as error the trial court's failure to comply with the procedural mandate of OCGA § 9-11-56 that the non-moving party be afforded 30 days within which to respond to a motion for summary judgment. However, appellant failed to raise this procedural defect at the hearing. Therefore, "the trial court's entry of an order on the motion prior to the expiration of 30 days is waived. [Cits.]" *Mobley v. Coast House, Ltd.,* 182 Ga. App. 305, 309 (355 SE2d 686) (1987). Compare *Dixon v. Midland Ins. Co.,* 168 Ga. App. 319, 321 (2) (309 SE2d 147) (1983).

2. Appellant enumerates the trial court's grant of the motion for summary judgment as erroneous on the merits.

The basis of appellant's purported liability to appellee is a document denominated as a "Credit Application." Appellant is named therein as the Secretary-Treasurer of Progressive Products, Inc. (Progressive Products), the corporation for which credit from appellee was being sought. The "Credit Application" provides, in relevant part, as follows: "It is agreed on behalf of the business, partnership, company and/or corporation and the individuals signing this instrument that they are jointly and severally liable for any and all credit extended by [appellee]. . . ." The document contains a designated signature line for execution by Progressive Products' agent but no signature appears on this line. Appellant's signature appears on one of the lines above the word "GUARANTORS" without any indication whatsoever that she signed in a representative capacity. The parties stipulated to the authenticity of appellant's signature and to the indebtedness of Progressive Products to appellee.

It is appellant's contention that extrinsic parol evidence creates a genuine issue of material fact as to whether she signed the document

in her representative capacity as Progressive Products' agent or in her individual capacity as the guarantor of Progressive Products' indebtedness to appellee. However, parol evidence is neither admissible nor probative if the agreement is otherwise clear and unambiguous. *Walter E. Heller & Co. v. Aetna Business Credit*, 151 Ga. App. 898, 903 (7) (262 SE2d 151) (1974). On the face of the document, appellant unambiguously signed in her individual capacity and not in her representative capacity. "[W]here the printed form contained actual lines for signature in a representative capacity which were not used, it is obvious that the signer intended the obligation to be personal." *Williams v. Davis Water & Waste Indus.*, 141 Ga. App. 49, 50 (1a) (232 SE2d 389) (1977). Accordingly, appellant is personally liable as the guarantor of Progressive Products' indebtedness to appellee. That Progressive Products was itself not a signatory to this particular document does not compel a different conclusion. See *Griswold v. Wells Aluminum, Moultrie*, 156 Ga. App. 19, 20 (2) (274 SE2d 7) (1980). No genuine issue of material fact remains and the trial court correctly granted summary judgment in favor of appellee.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1990.

*Davis, Price & Young, Robert E. Price*, for appellant.
*Crews, Salter & Gisler, Charles M. Gisler*, for appellee.