A90A1383. UPSHAW v. SOUTHERN WHOLESALE FLOORING
COMPANY.
(398 SE2d 749)

CARLEY, Chief Judge.

Appellee-plaintiff brought this action, seeking to recover against Alpha Atlanta Floor, Inc. (Alpha) on an account and against appellant-defendant on her guaranty thereof. Appellant filed a timely answer but Alpha did not. The claim being liquidated, a default judgment was entered against Alpha and the case against appellant proceeded to trial. At the close of the evidence, cross-motions for directed verdict were made. The trial court granted appellee's motion and denied appellant's motion. Appellant appeals from the resulting judgment that was entered in appellee's favor.

1. One of the grounds of appellant's motion for directed verdict was appellee's purported failure to prove venue and personal jurisdiction. Appellant enumerates this ruling as error.

In the first instance, the defenses of improper venue and lack of personal jurisdiction are properly raised by a motion to dismiss pursuant to OCGA § 9-11-12, not by a motion for directed verdict pursuant to OCGA § 9-11-50. In the second instance, personal jurisdiction and venue were proper in DeKalb County as to appellant because they were proper in that county as to Alpha. " 'The only time the defense of lack of jurisdiction over the person of the nonresident (defendant) because of (his) nonresidency would be valid . . . is in the event of a judgment in favor of the resident joint defendant. . . . (Cit.)' [Cit.]" *Taylor v. Career Concepts*, 184 Ga. App. 551, 552 (1) (362 SE2d 128) (1987). In the instant case, there was no judgment in favor of Alpha. A default judgment had been entered *against* Alpha. "[T]he case being in default as to [the resident defendant], a verdict against both the resident and nonresident defendant was authorized." *Woods v. Universal C.I.T. Credit Corp.*, 110 Ga. App. 394, 397 (8) (138 SE2d 593) (1964). See also *Smith v. Ross*, 168 Ga. App. 817, 818 (310 SE2d 567) (1983).

Appellant's reliance upon *Woods v. Long Mfg., N.C.*, 150 Ga. App. 499 (258 SE2d 592) (1979) is misplaced. Since that case did *not* involve a liquidated claim, a default judgment against the resident defendant was properly entered *only* as to liability and "the jury found the resident defendant, although in default [as to liability], to be not liable for money damages." *Woods v. Long Mfg., N.C.*, supra at 501. "Because no damages were assessed against [the resident defendant in *Woods*], he was absolved from any liability in th[at] case. This

amount[ed] to a verdict in his favor ([cit.]). . . ." *O'Neill v. Western Mtg. Corp. of Ga.*, 153 Ga. App. 151, 152 (264 SE2d 691) (1980). In contrast, the instant case *did* involve a liquidated claim and a default judgment against Alpha was properly entered as to *both* liability and damages. Thus, damages *were* assessed against Alpha and it was *not* absolved from any liability in this case.

2. The guaranty upon which appellant's liability is premised reads as follows: "For value received and in consideration of [appellee] extending credit to and selling goods to [Alpha] the undersigned hereby unconditionally guarantees payment of any sum(s) of money as may now be due or may hereafter become due from [Alpha] to [appellee], including 15% attorneys fee if it becomes necessary to enforce this guaranty of payment filed through an attorney at law." Appellant enumerates as error the trial court's denial of her motion for directed verdict on the ground that the evidence conclusively established that she had never received notice of appellee's acceptance of this guaranty.

"In determining whether an offer to become a guarantor must be accepted by notice or by the extension of credit, it is only necessary to look to its terms. In the present case, the language of the offer plainly contemplates that it should be accepted by the actual [extension of credit and sale] of the goods [to Alpha], and not by a notice that the guarantors had been accepted [by appellee] and that [credit would be extended and] the goods would be [sold to Alpha]. The offer contemplated the formation of a contract in which an act should be given in exchange for a promise; that the act should be both the acceptance of the offer and the consideration for the promise. . . . In the case of *Sanders v. Etcherson*, 36 Ga. [404, 405 (5) (1867)], the exact point now under discussion was decided, and it was held that where an offer to become a guarantor contemplated acceptance by the actual extension of credit, it was not necessary for the creditor to notify the guarantor of his intention to extend credit. It was ruled that the act of extending credit was the consideration which converted the offer into a binding promise." *Sheffield v. Whitfield*, 6 Ga. App. 762, 764-65 (2) (65 SE 807) (1909). See also *Ferguson v. Atlanta Newspapers*, 93 Ga. App. 622, 623 (7) (92 SE2d 321) (1956). "[A]s stated in the *Sanders* case, supra, . . . 'I guaranty the payment of any goods which A.B. delivers to C.D.' is a present guaranty, although the delivery of the goods is in the future, and 'the party to whom it is given may act upon it without further communication.' " *Wehle v. Baker*, 97 Ga. App. 111, 113 (1c) (102 SE2d 661) (1958).

Thus, the absolute present guaranty that was given to appellee, as the creditor, by appellant, as an officer of the debtor corporation, is entirely distinguishable from the general letter of credit that was at issue in *Brown Grocery Co. v. Planters Bank of Americus*, 18 Ga.

App. 429 (89 SE 523) (1916). It follows that the trial court correctly denied appellant's motion for directed verdict because notice of appellee's acceptance of the guaranty was not necessary.

3. Appellant enumerates as error the trial court's grant of appellee's motion for directed verdict, urging that a jury issue remained as to whether she had signed solely in her corporate capacity as Alpha's agent rather than in her individual capacity as a personal guarantor of Alpha's indebtedness.

In this regard, appellant relies upon her own testimony that she had not signed the guaranty in her individual capacity so as to guarantee the corporate debt. "However, parol evidence is neither admissible nor probative if the agreement is otherwise clear and unambiguous." *Dennisson v. Lakeway Publishers*, 196 Ga. App. 85, 86 (2) (395 SE2d 366) (1990). Although appellant also relies upon her placement of the abbreviation "Sec." immediately after her signature, such an abbreviation is a mere word of description and the obligation incurred by appellant is personal. *Morris v. Reed*, 14 Ga. App. 729 (1) (82 SE 314) (1914). See also OCGA § 10-6-86. Moreover, if appellant's signature were held to have been made in her corporate capacity, the language of guaranty would be rendered meaningless. See *Board of Regents &c. of Ga. v. A. B. & E., Inc.*, 182 Ga. App. 671, 675 (357 SE2d 100) (1987).

" 'An agent may, by personal contract, guarantee performance by the principal.' [Cit.]" *Hagan v. Asa G. Candler, Inc.*, 59 Ga. App. 587, 589 (1) (1 SE2d 693) (1939), aff'd 189 Ga. 250 (5 SE2d 739) (1939). " '[E]ven though [one is] acting in the capacity of agent and for the sole benefit of his principal, he may nevertheless by express undertaking bind himself personally. [Cits.]' [Cit.]" *Davis v. Menefee*, 34 Ga. App. 813, 814 (1) (131 SE 527) (1926). "The language employed in the credit application [showed] a written promise by the individual defendant to be responsible for credit extended by plaintiff to the corporate defendant. [Cits.]" *Seay's Home Furnishings v. Dozier Home Bldrs.*, 176 Ga. App. 660, 661 (337 SE2d 440) (1985). "On the face of the document, appellant unambiguously signed in her individual capacity and not in her representative capacity. . . . Accordingly, appellant is personally liable as the guarantor of [Alpha's] indebtedness to appellee. That [Alpha] was itself not a signatory to this particular document does not compel a different conclusion. [Cit.]" *Dennisson v. Lakeway Publishers*, supra at 86 (2).

4. Appellant enumerates as error the trial court's direction of the verdicts as to attorney's fees, urging that appellee did not prove that it had given her the statutory notice mandated by OCGA § 13-1-11 (a) (3).

The complaint and the attachments thereto gave sufficient notice to appellant of appellee's intent to collect attorney's fees. "[W]here a

pleading, setting up a claim on a note or other evidence of indebtedness which authorizes recovery of attorney['s] fees, alleges . . . that notice is thereby given, and the [attached] notice otherwise conforms to the requirements of [OCGA § 13-1-11 (a) (3)], such notice is sufficient to authorize an award of attorney['s] fees." *New House Prods., Inc. v. Commercial Plastics &c. Corp.*, 141 Ga. App. 199, 200-201 (3) (233 SE2d 45) (1977). "[A] literal compliance with the language of the statute is not required[;] only a substantial compliance is demanded. [Cit.]" *Carlos v. Murphy Warehouse Co.*, 166 Ga. App. 406, 408 (2) (304 SE2d 439) (1983). See also *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109, 118 (249 SE2d 596) (1978).

5. Contrary to appellant's assertions on appeal, a verdict was not directed against her and in favor of appellee simply because a default judgment had been entered against Alpha. The instant case was tried on the merits (see *Fred Chenoweth Equip. Co. v. Oculus Corp.*, 254 Ga. 321 (328 SE2d 539) (1985)) and the verdicts were directed because appellee met its burden of proof but appellant did not. "[A] guarantor is not conclusively bound by a judgment or amount admitted due by his principal. [Cit.] Such amount is only prima facie evidence of liability to the creditor. [Cit.] But, where such evidence has been introduced, as in the instant case, it does establish prima facie the liability of the guarantor and the burden shifts to the guarantor to rebut the correctness of the amount. [Cit.] [Appellant] did not attempt to meet [her] burden and no evidence was presented to support [her] contention. . . ." *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 334 (287 SE2d 61) (1981).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 17, 1990 —
REHEARING DENIED NOVEMBER 7, 1990 —

*Mundy & Gammage, John M. Strain*, for appellant.
*Bryant, Davis & Cowden, James W. Hays*, for appellee.