A91A0618. S & W MASONRY CONTRACTOR, INC. v. JAMISON COMPANY, INC.
(405 SE2d 519)

McMURRAY, Presiding Judge.

S & W Masonry Contractor, Inc. (plaintiff) instituted the instant action against Jamison Company, Inc. (defendant) and alleged that defendant executed a $10,000 promissory note in favor of plaintiff and that defendant "defaulted on the payment of said Note and owes [plaintiff] the sum of Ten Thousand Nine Hundred Fifty and No/100 Dollars ($10,950.00) as unpaid principal plus interest through the date of default, December 9, 1989." (Plaintiff incorporated the promissory note into the complaint and designated it, "Exhibit A.") Defendant answered and admitted that it executed the promissory note identified as "Exhibit A," but denied liability because "Exhibit 'A' [allegedly] does not contain the entire written agreement between the parties."

Plaintiff moved for summary judgment and filed undisputed affidavit evidence showing that it entered into a *"SETTLEMENT AGREEMENT"* with defendant and that plaintiff therein relinquished lien rights against real property owned by defendant in exchange for defendant's execution of a $10,000 promissory note. More specifically, the *"SETTLEMENT AGREEMENT"* shows that a general contractor hired plaintiff to perform masonry work on defendant's real property; that the general contractor was unable to pay plaintiff for the masonry services; that plaintiff executed a lien against defendant's real property and that defendant and the general contractor executed a $10,000 promissory note in favor of plaintiff in consideration of plaintiff's agreement to dismiss a pending lawsuit against the contractor and plaintiff's agreement "to release its claim

of lien against the property of [defendant] and [agreement] to take all actions necessary to cause the satisfaction of the claim of lien of the records of the Superior Court of Gwinnett County." Plaintiff further proved without dispute that defendant breached the "*SETTLE- MENT AGREEMENT*" by failing to make "any payment on [the] indebtedness evidenced by the [promissory] Note." Defendant did not file evidence in opposition to plaintiff's motion for summary judgment, but argued that it was not liable under the promissory note because plaintiff did not satisfactorily perform the services which were the basis of plaintiff's lien against defendant's real property.

The trial court denied plaintiff's motion for summary judgment. We granted an interlocutory appeal. *Held*:

" 'As written, Code Ann. § 81A-156 (now OCGA § 9-11-56) places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time*, or suffer judgment against him. . . .' [*Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357).]" *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 825 (2), 826 (318 SE2d 657).

In the case sub judice, plaintiff made out a prima facie case by showing that defendant executed a $10,000 promissory note in plaintiff's favor and that defendant failed to honor its promise to pay the debt evidenced by the note. See *Beazley v. Ga. R. Bank &c. Co.*, 144 Ga. App. 215, 216 (1) (241 SE2d 39). Defendant does not challenge this proof with rebuttal evidence, but contends that genuine issues of material fact remain as to whether there was failure of consideration resulting from plaintiff's alleged substandard performance in providing masonry services on defendant's property. This contention is insufficient to rebut the undisputed evidence showing that plaintiff is entitled to recover for the debt evidenced by the promissory note.

"No consideration is necessary for an instrument given in payment of an antecedent obligation of any kind. *General Tire &c. Co. v. Solomon*, 124 Ga. App. 308 (183 SE2d 573)." *Beazley v. Ga. R. Bank &c. Co.*, 144 Ga. App. 215, 216 (2), supra. In the case sub judice, plaintiff proved without dispute that defendant executed the promissory note in satisfaction of an antecedent claim against defendant's property and that satisfaction of the antecedent claim was the only basis of consideration under the promissory note. Consequently, the question of whether plaintiff adequately performed masonry services on defendant's property is irrelevant to defendant's liability under the promissory note. It therefore follows that the trial court erred in denying plaintiff's motion for summary judgment. See *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 825 (2), supra.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

630

*McReynolds & Boyd, Frederic S. Beloin, J. Michael Welch*, for appellant.

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Jeffrey F. Leasendale*, for appellee.