## A97A1231. KIRVES et al. v. JUNO INDUSTRIES.
### (487 SE2d 31)

ELDRIDGE, Judge.

Appellants Mark K. Kirves and Gary Hopkins appeal from the trial court's order granting summary judgment to appellee/plaintiff Juno Industries on the issue of appellants' personal liability for debts incurred by appellants' corporation, Plastechnical Services, Inc. ("Plastechnical"). We affirm.

On October 18, 1989, appellants signed a "Letter of Guarantee" which stated in part that the undersigned parties, appellants, were "authorized in my/our capacity to bind my/our firm" to the credit terms delineated therein. However, the final line of the contract stated that "I/we the undersigned, *personally* guarantee the payment of all charges on the above account." (Emphasis supplied.) Following this statement, the company name, Plastechnical Services, Inc., and the company address were supplied. Appellant Kirves' signature was followed by the title "President," and appellant Hopkins' signature was followed by "Sec/Treasurer." Under both signatures, apparently as part of the standard contract language, was the notation, "*Authorized Signature and Title," and at the bottom of the contract was the note "*Must be officer of company."

Between April and July 1992, almost three years after this contract was executed, Plastechnical failed to pay invoices totaling $19,582.69. Appellee sued for breach of contract of suretyship in August 1995, claiming an outstanding debt of $31,082.69 for goods and services provided, as well as accrued interest and attorney fees.[1] The trial court granted appellee's motion for summary judgment on January 17, 1997, awarding appellee $19,482.69 in principal, $13,909.90 in interest, and $4,998.88 in attorney fees, pursuant to OCGA § 13-1-11 (a) (2). Appellants challenge the trial court's order, asserting that material issues of fact exist regarding whether or not they signed the letter of guarantee in their personal capacity or as representatives of Plastechnical.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of

---

[1] Plastechnical filed for bankruptcy at an indeterminate time during the proceedings.

law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Further, "[t]he construction of a contract is a question of law for the court," while fact questions must be resolved by a jury. OCGA § 13-2-1. "It is well established that a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless. *Burch v. Ragan*, 92 Ga. App. 605 (89 SE2d 541) [(1955)]; OCGA § 13-2-2 (4)." *Bd. of Regents &c. of Ga. v. A. B. & E., Inc.*, 182 Ga. App. 671, 675 (357 SE2d 100) (1987).

In the case sub judice, the contract is unambiguous, and it is clear that appellee extended credit for future product shipments to Plastechnical while also securing a personal guarantee of payment from the appellants. Any other construction of the "Letter of Guarantee" signed by appellants would be meaningless.

As such, this case is virtually indistinguishable from *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511 (398 SE2d 749) (1990), which held that a corporate secretary was personally bound under a surety contract, even though the abbreviation "Sec." immediately followed her signature on the contract. Id. at 513 (3). This Court held that appellant had "unambiguously signed in her individual capacity and not in her representative capacity" and that "if appellant's signature were held to have been made in her corporate capacity, the language of guaranty would be rendered meaningless. [Cit.]" Id.

Therefore, the trial court did not err in granting appellee's motion for summary judgment on the issue of appellants' personal liability under the contract and in ordering the appellants to pay $38,391.47 in principal, accrued interest, and attorney fees.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED MAY 6, 1997 —
RECONSIDERATION DENIED MAY 21, 1997 — 

 Before Judge Bishop.

*Burruss & Anderson, Michael J. Anderson,* for appellants.
*Cabaniss & Adkins, George M. Cabaniss, Jr.,* for appellee.