## A02A0482. BROWN v. McGRIFF.
(567 SE2d 374)

PHIPPS, Judge.

Bradford G. Brown, M.D., appeals the grant of summary judgment in favor of George W. McGriff, Esq., who sued him for payments due on a promissory note. McGriff established a prima facie right to judgment by producing the note, showing that Brown executed it, and showing that it was in default. Because Brown failed to come forward with evidence supporting a defense, summary judgment against him was proper.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We review a grant of summary judgment de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

In support of his motion for summary judgment, McGriff presented his own affidavit, wherein he stated that he or his law firm had represented Brown in various legal matters since 1994. In September 1998, McGriff notified Brown that he planned to withdraw from continued representation because of unpaid legal bills in excess of $150,000 for services provided. Brown urged McGriff to continue

---

[1] OCGA § 9-11-56 (c).
[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

representing him. The two agreed that the amount outstanding would be reduced to $150,000, that Brown would make an immediate payment of $50,000 and execute a note in McGriff's favor for the remaining $100,000, and that McGriff would continue to represent Brown. The record contains an executed copy of the parties' Memorandum of Understanding and Agreement to that effect, which also stated that their earlier contract of employment for legal representation was thus amended. The record also contains a copy of the $100,000 note, which Brown signed in favor of McGriff. Brown failed to comply with the payment terms of the note, and McGriff sued.[3]

1. Brown essentially contends on appeal that the note fails for lack of consideration. He asserts in his brief that from 1994 through 1998, he paid McGriff more than $250,000, and that at the time of signing the note, McGriff had not done any work that justified an outstanding balance of over $100,000. Brown points to OCGA § 13-3-40 (a), which provides that "[a] consideration is essential to a contract which the law will enforce."

In granting summary judgment to McGriff, the trial court relied on former OCGA § 11-3-408 and determined that "no consideration [was] necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." But the court's reliance on that Code section, which was replaced in 1996 by OCGA § 11-3-303 (a) (3),[4] was misplaced. "Instrument," as used in those Code sections, is defined as a "negotiable instrument,"[5] which requires, among other things, that the writing be payable to order or to bearer.[6] Because the note at issue in this case does not contain such "words of negotiability," it is not a negotiable instrument.[7]

Notwithstanding, where a grant of summary judgment is right for any reason, we will affirm.[8] While a promise unsupported by adequate consideration is unenforceable,[9] here, the parties' mutual exchange of promises constituted adequate consideration for their amended agreement.[10]

McGriff established a prima facie right to judgment as a matter of law by producing the note and showing that Brown executed it and

---

[3] During the pendency of McGriff's motion for summary judgment, Brown's new attorney withdrew, and Brown has continued pro se.

[4] See Ga. L. 1996, pp. 1306, 1309, 1324-1325.

[5] OCGA § 11-3-104 (b); see *Thogerson v. State*, 224 Ga. App. 76, 77 (479 SE2d 463) (1996).

[6] Former OCGA § 11-3-104 (a) (1); see *Hall v. Westmoreland, Hall & Bryan*, 123 Ga. App. 809, 811 (182 SE2d 539) (1971).

[7] See *Hall*, supra.

[8] *Eichelkraut v. Camp*, 236 Ga. App. 721, 726 (2) (513 SE2d 267) (1999).

[9] OCGA § 13-3-40 (a).

[10] See *Sage Technology v. NationsBank N.A. South*, 235 Ga. App. 405, 407 (2) (509 SE2d 694) (1998).

that he was in default.[11] The burden then shifted to Brown to come forward with evidence supporting a defense preventing the grant of summary judgment.[12] He did not do so, and the grant of summary judgment was proper.[13]

2. McGriff's motion for frivolous appeal penalty is denied.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2002.

Bradford G. Brown, *pro se.*
Patrick F. McMahon, for appellee.

---

[11] *Frame v. Booth, Wade & Campbell,* 238 Ga. App. 428, 431 (2) (519 SE2d 237) (1999); *Gouldstone v. Life Investors Ins. Co. &c.,* 236 Ga. App. 813, 815 (1) (514 SE2d 54) (1999).

[12] *Frame,* supra at 431-432.

[13] See id.