## A07A0770. KEANE v. ANNICE HEYGOOD TREVITT SUPPORT TRUST.

(645 SE2d 641)

RUFFIN, Judge.

The Annice Heygood Trevitt Support Trust (the "Trust") brought suit against Colman Keane on a promissory note and guaranty agreement.[1] The Trust moved for summary judgment, arguing inter alia that Keane failed to come forward with admissible evidence to create an issue of fact. And Keane, proceeding pro se, filed a "Motion for Summary Judgment of Dismissal." The trial court granted the Trust's motion and denied the motion filed by Keane. Keane appeals. Finding no error in the trial court's ruling, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in [a] light most favorable to the nonmoving party, warrant judgment as a matter of law."[2] Viewed in a light favorable to Keane, the nonmovant, the record reveals that the Trust filed suit against Keane. Attached to the complaint was the promissory note, which contained the following guaranty agreement:

[t]he undersigned acknowledge that they are the shareholders of DQDAL, Inc. and that they were guarantors of the Promissory Note replaced by this Agreement. The undersigned, representing that they are the shareholders of DQDAL, Inc.[,] hereby guarantee the prompt and full payment of the foregoing obligations of DQDAL, Inc., including interest and any cost of collection as set forth in the Agreement if not paid when due according to the Agreement without need for recourse by the holder against any other party. The undersigned waive present, notice of dishonor, protest and demand to which the undersigned might be entitled. The undersigned consent to any extensions or renewals of the Agreement without any notice thereof which shall not in any way impair recourse of discharge this guaranty.

---

[1] DQDAL, Inc., and Ronald Crawford were also named defendants. It does not appear that Crawford was served. With respect to DQDAL, Inc., the company did not not file an answer, and the trial court entered a default judgment against it. As neither DQDAL, Inc., nor Crawford is a party to this appeal, we refer solely to Keane.

[2] (Punctuation omitted.) *Hovendick v. Presidential Financial Corp.*, 230 Ga. App. 502, 503 (497 SE2d 269) (1998).

/S/
Colman Keane

/S/
Ronald Crawford

Keane, proceeding pro se, filed an "Answer to Complaint and Notice of Cross Filing," in which he essentially admitted signing the promissory note and guaranty, but claimed he did not have to pay the note in view of certain "offsets" he was entitled to make. Keane also asserted that he was not personally liable on the guaranty, which he claimed to have signed in his "position as Shareholder" rather than individually.

The Trust obtained a default judgment against DQDAL, Inc.,[3] and then moved for summary judgment against Keane, asserting inter alia that Keane was liable for the corporation's debt under the guaranty agreement. Keane responded to the motion with a lengthy factual recitation in which he claimed that he was entitled to a setoff. Attached to the response was a document entitled "Affidavit." However, this document was unsworn. On July 5, 2006, the attorney for the Trust wrote a letter to the trial court, with a copy forwarded to Keane, pointing out that the alleged affidavit was unsworn and thus had no probative value. But Keane never provided a sworn affidavit.[4] Keane also filed his "Motion for a Summary Judgment of Dismissal," arguing that the Trust was precluded from recovering against Keane, personally, because he signed the guaranty in his capacity as a shareholder of the corporation.

On October 2, 2006, the trial court granted the Trust's motion for summary judgment and denied the motion filed by Keane.

On appeal, Keane argues that his "affidavit" created factual issues regarding whether he was entitled to setoff. We disagree. Under OCGA § 9-11-56 (a), a plaintiff "seeking to recover upon a claim . . . may, at any time after the expiration of 30 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." Once a plaintiff sets forth a prima facie case showing entitlement to summary judgment, the burden shifts to the defen-

---

[3] We note that the corporation was dissolved prior to the filing of this lawsuit. As neither party addresses whether any notice of intent to dissolve was published or whether OCGA § 14-2-1407 applies, we do not address the matter here.

[4] In his response to the letter, Keane wrote that he had "sworn all of [his] oaths in [his] life to [his] God and 'officers' present during those times were just witnesses."

dant to present *competent* evidence establishing a possible defense.[5] Here, Keane apparently believes that his entitlement to setoff is a defense to payment. In fact, it is not a defense, but a counterclaim.[6] Even assuming it was a defense, however, Keane has presented no *competent* evidence, as an affidavit must be sworn to in person before a notary public or other officer empowered to administer oaths.[7] Keane's "affidavit" was unsworn and thus the trial court was required to disregard it.[8] Accordingly, there was no competent evidence regarding Keane's alleged entitlement to setoff, and the trial court did not err in granting summary judgment on this basis.[9]

Keane also asserts that the trial court erred in granting summary judgment because the language of the guaranty shows he signed the document in a representative capacity. Again, we disagree. A guaranty is a contract, the construction of which is at the outset a matter for the court.[10] Here, the guaranty references the fact that Keane is a shareholder, but it does not expressly provide that Keane is signing the guaranty in this capacity. As the language employed bound Keane in his personal capacity, his assertion that he signed the agreement as a shareholder lacks merit.[11] Indeed, we question whether a contract can even be signed by one in the lone capacity of a shareholder.[12]

In a related argument, Keane claims that he signed the guaranty in his representative capacity as an officer of DQDAL and thus cannot be held personally liable. Specifically, Keane points to his signature, which appears to be followed by an abbreviation.[13] Again, there is nothing in the language of the guaranty to suggest that Keane was

---

[5] See *Hodges v. Putzel Elec. Contractors*, 260 Ga. App. 590, 596 (3) (580 SE2d 243) (2003); *Caves v. Columbus Bank & Trust Co.*, 264 Ga. App. 107, 107-108 (589 SE2d 670) (2003).

[6] See *Gouldstone v. Life Investors Ins. Co. of America*, 236 Ga. App. 813, 818 (1) (c) (514 SE2d 54) (1999).

[7] See *Hodges*, supra; *Roberson v. Ocwen Fed. Bank FSB*, 250 Ga. App. 350, 352 (2) (553 SE2d 162) (2001).

[8] See id.

[9] See *Brown v. McGriff*, 256 Ga. App. 44, 46 (1) (567 SE2d 374) (2002) (After the Trust moved for summary judgment, "[t]he burden then shifted to [Keane] to come forward with evidence supporting a defense preventing the grant of summary judgment.").

[10] See *Kirves v. Juno Indus.*, 226 Ga. App. 508 (487 SE2d 31) (1997).

[11] See *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511, 513 (3) (398 SE2d 749) (1990).

[12] Although contracts may be signed by one acting in a representative capacity, a shareholder is not a representative of a corporation, but a partial owner. See OCGA §§ 11-3-405 (signature by representative); 10-6-86 (liability of person signing instrument as agent or fiduciary); 14-2-140 (27) (" 'Shareholder' means the person in whose name shares are registered in the records of a corporation or the beneficial owner of shares to the extent of the rights granted by a nominee certificate on file with a corporation.").

[13] The abbreviation is illegible. According to Keane, he was the "Chairman/CEO" of DQDAL and he signed the agreement in this capacity.

entering the obligation as a corporate officer. Under these circumstances, any abbreviation following his signature constitutes "a mere word of description and the obligation incurred by [Keane] is personal."[14] Furthermore, if the obligation was limited to Keane in his corporate capacity, the guaranty would have been rendered meaningless as the corporation was already obligated on the debt.[15] Under these circumstances, summary judgment on the Trust's claim was proper.[16]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED APRIL 19, 2007.

Colman Keane, *pro se.*
*Haygood, Lynch, Harris, Melton & Watson, C. Robert Melton,* for appellee.

---

[14] *Upshaw,* supra.
[15] See id.
[16] See *Brown,* supra. To the extent that Keane's answer can be viewed as asserting a counterclaim, that claim arguably remains pending below.
[1] The parties stipulated that "the transactions at issue are the purchase of repair and/or maintenance parts for machinery used directly in the manufacture of tangible personal property for sale."