## A07A1292. MOONEYHAM v. PROVIDENT AUTO LEASING COMPANY.
### (655 SE2d 640)

PHIPPS, Judge.

Ronald Mooneyham entered into a vehicle lease with NP Ford, Inc., which assigned the lease to Provident Auto Leasing Company. When Mooneyham stopped making payments and attempted to rescind the lease, Provident sued Mooneyham for the balance owed. After Mooneyham counterclaimed for fraud, Provident moved successfully for summary judgment. On appeal, Mooneyham claims that the trial court erred because genuine issues of material fact remained regarding whether he was fraudulently induced to enter the lease. We affirm the grant of summary judgment to Provident because the lease terms preclude Mooneyham from asserting his fraud claim against Provident.

Summary judgment is proper when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.[1] We review a grant of summary judgment de novo and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

Mooneyham testified by deposition and affidavit that, in September 1999, he went to the Peachtree Ford dealership to look at new 2000 Ford Expeditions. Gene Guilbeaux approached Mooneyham and introduced himself as the dealership's sales and leasing manager. Guilbeaux also gave Mooneyham a business card that bore his name, the title "Sales and Leasing Manager," and the Peachtree Ford logo. Guilbeaux told Mooneyham that if he leased a new 2000 Ford Expedition from Peachtree Ford, he could trade it for a new vehicle when its odometer reached close to 25,000 miles and he would not

---

[1] OCGA § 9-11-56 (c).
[2] *Brown v. McGriff,* 256 Ga. App. 44 (567 SE2d 374) (2002).

have to make the remaining payments under the first lease. Mooney-ham asked Guilbeaux to put this deal in writing, and, before Mooney-ham signed a lease, Guilbeaux handwrote a note that Mooneyham claims outlined the deal.

That same day, Mooneyham signed a vehicle lease with NP Ford, Inc. for a new 2000 Ford Expedition. The lease provided that NP Ford intended to assign the lease to Provident and that, after assignment, it would be serviced and administered by The Provident Bank. The lease also provided that NP Ford could assign the lease and that Mooneyham agreed to "recognize any such assignment and covenant not to assert against the assignee any defense, counterclaim or set-off that you have or may have against [NP Ford]."

During the lease term, Mooneyham returned to Peachtree Ford to trade his Expedition for a new vehicle on the terms set with Guilbeaux. Mooneyham was told that Peachtree Ford had no policy to "buy out" leases, that Guilbeaux was not authorized to make such an offer, and that the dealership would not "buy out" his lease. In response, Mooneyham hired counsel, who attempted unsuccessfully to resolve the matter. Mooneyham then returned the Expedition to Peachtree Ford and notified it, through counsel, that he intended to rescind the transaction based on Guilbeaux's apparent misrepresentations.

1. Mooneyham claims that the trial court erred by granting Provident summary judgment on his inceptive fraud claim. He points to evidence that when Guilbeaux made the misrepresentations on behalf of the dealership, he never intended to complete the deal he described because he lacked authority to make it and knew it would not be honored.

That evidence, however, may support an inceptive fraud claim against the dealership or NP Ford,[3] not Provident. And Mooneyham agreed when he signed the lease that he would recognize any lease assignment and would not assert against the assignee, Provident, any defenses or counterclaims that he may have against the lessor, NP Ford. Mooneyham therefore could not assert fraud as a defense or counterclaim to Provident's breach of contract action.[4] Thus, summary judgment to Provident was proper.

2. Mooneyham claims that Provident was not the real party in interest to bring this action because it failed to prove the lease assignment. The lease, however, provided that NP Ford intended to

---

[3] See generally *Cowart v. Gay*, 223 Ga. 635, 636-637 (1) (157 SE2d 466) (1967).

[4] See *Colonial Pacific Leasing Corp. v. McNatt*, 268 Ga. 265, 269-270 (2) (486 SE2d 804) (1997) (contract precluded lessee from asserting fraud of or imputable to original lessor as defense against assignee's claim for payment).

assign it to Provident and that, after assignment, Provident Bank would service and administer it. And Mooneyham admits that he made lease payments to Provident. Moreover, the lease did not require that notice of the assignment be in writing or be conveyed to Mooneyham before becoming effective.[5]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 26, 2007 —
RECONSIDERATION DENIED DECEMBER 12, 2007.

*Gibson, Deal & Fletcher, John W. Gibson,* for appellant.
*McCalla Raymer, Kent E. Altom, William R. Willis III,* for appellee.

---

[5] See *Budget Car Sales v. Boddiford,* 189 Ga. App. 316, 318 (1) (375 SE2d 632) (1988); see also *Forest Commodity Corp. v. Lone Star Indus.,* 255 Ga. App. 244, 247 (1) (564 SE2d 755) (2002) (assignment can be inferred from totality of circumstances and need not be reduced to writing).