### A11A1227. ELWELL et al. v. KEEFE et al.
(718 SE2d 587)

DOYLE, Judge.

This appeal arises from an action alleging breach of a promissory note filed by Betty D. and Kenneth W. Keefe against DCI Logistics, Inc. ("DCI"), W. Larry Elwell, and J. Brian West. The Keefes claimed that the language of the promissory note, pursuant to which the

Keefes loaned $50,000 to DCI, also served as Elwell's and West's personal guarantees of the debt. The trial court granted summary judgment to the Keefes, and Elwell and West (collectively "the Appellants") now appeal.[1] For the reasons that follow, we reverse.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[2]

The document at issue is a single page long and is titled "Promissory Note — Balloon." In pertinent part, it states:

> FOR VALUE AND CONSIDERATIONS RECEIVED, (We), the undersigned DCI Logistics Inc., (Borrower) individually guarantee to pay Betty D[.] Keefe and Kenneth W. Keefe (Lender) the total sum of Fifty Thousand (50,000.00) dollars and no cents which includes interest payment of ten percent (10.0%) per year, payable monthly on or before the first day of each month the loan is in effect.
>
> . . .
>
> Each maker, surety, guarantor and endorser of this Note waves [sic] presentation [sic], notice and protest, all [suretyship] defenses and agrees to all extensions, renewals, or releases, discharge or exchange of any other party or collateral without notice.

Under this paragraph, the signatures of Elwell and West appear under each of which appears: "DCI Logistics Inc. — [printed name] [title at the company]."

Ultimately, DCI defaulted on the loan from the Keefes, who thereafter instituted this action to recover the money from DCI and the Appellants.

" 'Contract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordi-

---

[1] The trial court also entered summary judgment against DCI, but the corporation has not appealed that portion of the trial court's order. While the trial court's grant of summary judgment constituted a grant of complete relief under the complaint, because the Keefes alleged alternative causes of action in their amended complaint, those claims remain pending below and make up no part of this Court's reversal of summary judgment.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

narily a matter of law for the court.' "[3] Pursuant to OCGA § 13-5-30 (2), a personal guarantee agreement must be executed in writing. Generally, the Appellants "and the corporation are entirely separate and distinct entities."[4] "[C]ontracts may be signed by one acting in a representative capacity,"[5] or a representative may make himself liable for the debt of the corporation;[6] this Court examines the language of the contract to determine in what capacity the representative is bound.[7]

Before the trial court and on appeal, the Keefes contend that the Appellants' single signatures on the promissory note also served to contract them personally to guarantee the debt of DCI. We disagree.

Here, the plain language of the document, although poorly drafted, establishes that it is a promissory note made between the Keefes and DCI, and the Appellants signed the document in their representative capacity on behalf of the corporation. Consistent with the principle that contracts of surety or guarantee are strictly construed and are statutorily barred from extension by interpretation or implication, we read this document only to bind DCI to repay the debt.[8]

The Keenes rely heavily on this Court's decisions in *Kirves v. Juno Indus.*[9] and *Upshaw v. Southern Wholesale Flooring Co.*[10] in which this Court explained that the corporate officers had personally bound themselves to pay the debt of the corporation in the documents at issue. This Court explained that the mere fact that the individuals' company titles appeared after their names was not enough to establish *in the face of the plain language of the remainder of the documents* that the individuals were signing only in their representative capacities.[11] Here, however, such plain language of personal guarantee does not appear either in the title or the body of

---

[3] *Core LaVista, LLC v. Cumming*, 308 Ga. App. 791, 794 (1) (a) (709 SE2d 336) (2011).

[4] *Citizens & Southern Nat. Bank v. Yeager Enterprises*, 247 Ga. 797, 798-799 (279 SE2d 674) (1981).

[5] *Keane v. Annice Heygood Trevitt Support Trust*, 285 Ga. App. 155, 157, n. 12 (645 SE2d 641) (2007). Cf. *Rawlings v. Robson*, 70 Ga. 595, 596-597 (1) (1883) ("Where the principal is distinctly indicated . . . on the face of the paper, such principal, and not the agent, will be the party liable. The rule, however, is that this must appear in some way; the particular form in which it is done is immaterial, if it in fact be done for the principal, and substantially in his or her name, that will be sufficient.").

[6] See *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511, 513 (3) (398 SE2d 749) (1990).

[7] See *Keane*, 285 Ga. App. at 157.

[8] See OCGA § 10-7-3 ("The contract of suretyship is one of strict law; and the surety's liability will not be extended by implication or interpretation."); see also *Sysco Food Svcs. v. Coleman*, 227 Ga. App. 460, 462-463 (489 SE2d 568) (1997).

[9] 226 Ga. App. 508 (487 SE2d 31) (1997).

[10] *Upshaw*, 197 Ga. App. at 511.

[11] See *Kirves*, 226 Ga. App. at 509; *Upshaw*, 197 Ga. App. at 513 (3).

the documents in this case.

On the other hand, we find instructive *Groth v. Ace Cash Express, Inc.*,[12] in which this Court addressed a similar contractual dispute involving partners of an assignee corporation who were alleged to have personally guaranteed the obligations of the corporation in the disputed franchise agreement.[13] The partners signed the agreement once, and their positions within the assignee corporation were listed with their signatures.[14] The agreement, however, contained an assumption clause, which stated that the "Assignee hereby assumes the obligations and liabilities of Assignor in and under the Franchise Agreement, including to personally guarantee the obligations of the Assignee as set forth in the Franchise Agreement. . . ."[15] This Court reversed the trial court's determination that the agreement served as a personal guarantee of the partners, explaining that "a single signature generally denotes that the person is signing in either an individual or representative capacity, but not both. And . . . the assignment contract in this case does not unequivocally state that [the principals] are guaranteeing [the corporation's] debt."[16] Similarly, the document at issue contains only a single signature by the Appellants, which signatures are accompanied by the company name and followed by the individuals' printed names and their titles within the company.

Therefore, the trial court erred by determining that the document served as both a promissory note between DCI and the Keefes and a personal guarantee between the Appellants and the Keefes such that the Appellants were personally liable for DCI's debt. Accordingly, we reverse the trial court's grant of summary judgment to the Keefes as well as the trial court's denial of partial summary judgment to the Appellants.

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 3, 2011.

*Weissmann & Zucker, Scott I. Zucker, Wasson, Sours & Harris, Jane E. Hagood*, for appellants.
*Johnson & Ward, Stanley E. Kreimer, Jr.*, for appellees.

---

[12] 276 Ga. App. 350 (623 SE2d 208) (2005).
[13] See id. at 351.
[14] See id. at 351-352.
[15] Id. at 351.
[16] (Footnote omitted.) Id. at 353.