## FIFTH DIVISION
## PHIPPS, P. J.,
## DILLARD and PETERSON, JJ.

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 7, 2016**

# In the Court of Appeals of Georgia

A16A1434. SAWNEE FOREST, LLC v. CRE VENTURE 2011-1, LLC.

PHIPPS, Presiding Judge.

CRE Venture 2011-1, LLC ("CRE") sued Sawnee Forest, LLC[1] to collect sums allegedly owed it under a promissory note. Sawnee Forest appeals from an order granting partial summary judgment on the issue of liability in favor of CRE. The trial court found that CRE was the assignee of certain assets from the Federal Deposit Insurance Corporation ("FDIC") as receiver for Crescent Bank and Trust Company

---

[1] CRE Venture also sued C. Parke Day as guarantor of the loan. Although Day originally was named as an appellant, we dismissed him as a party to this appeal after he advised the court that he had filed a petition for bankruptcy relief. As our dismissal order makes clear, Day may re-file his appeal within 30 days following the date that the bankruptcy court terminates the automatic stay, grants appropriate relief from the automatic stay, or otherwise determines that the provisions of the automatic stay do not apply to the issues involved in this appeal.

and was therefore the real party in interest with the right to sue for the amount due. Finding no error, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.[2]

So viewed, the evidence shows that in June 2006, Sawnee Forest executed a promissory note, payable to Crescent Bank and Trust Company. In November 2008, Sawnee Forest modified and renewed the loan in a note that identified the lender as "Crescent Bank - Midway." Subsequent loan modifications, however, identified the lender as Crescent Bank and Trust Company.

According to a 2011 assignment of the deed to secure debt, securing the 2006 note as amended to reflect the various loan modifications, Crescent Bank and Trust Company had been closed by its supervising institution in 2010, and the FDIC had

---

[2] *Heritage Constr. Corp. v. State Bank & Trust Co.*, 316 Ga. App. 25 (728 SE2d 703) (2012) (footnote omitted).

2

been appointed as receiver for its assets. The record also contains an allonge,[3] which endorsed to CRE from the FDIC, as receiver for Crescent Bank and Trust Company, the November 2008 note "[p]ayable to" Crescent Bank and Trust Company.

In April 2012, Sawnee Forest executed a loan modification with CRE, extending the maturity date of the loan. According to this loan modification, CRE had purchased from the FDIC as receiver for Crescent Bank and Trust Company the loan and original loan documents (defined as the June 23, 2006 note, the November 20, 2008 replacement note, two subsequent loan modifications, the recorded deed to secure debt, and the guaranty). Alleging default, CRE sent a demand letter to Sawnee Forest in August 2013 and filed suit the following month.

CRE filed a motion for summary judgment in May 2015, which was set for hearing on November 5, 2015. CRE attached to its motion an affidavit from Graciela Burrola, a "consultant" working as an "asset manager" for the loan servicer for CRE. Burrola attached to her affidavit the above-referenced allonge and assignments from the FDIC, a printout of a loan history spreadsheet, and a loan payoff quote.

---

[3] "An allonge is a piece of paper attached to a promissory note on which parties write endorsements for which there is no room on the instrument itself." *Ware v. Multibank 2009-1 RES-ADC Venture*, 327 Ga. App. 245, 251 n. 14 (4) (758 SE2d 145) (2014) (citation and punctuation omitted).

In its response to the motion for summary judgment, Sawnee Forest argued that there was no evidence showing that the note with Crescent Bank - Midway had been assigned to CRE either directly or by the FDIC as a party authorized to act on behalf of Crescent Bank - Midway. Two months later, CRE filed an amended affidavit for Burrola, which contained as additional exhibits the June 2006 note, the November 2008 renewal, the April 2009 and February 2010 loan modifications, and the April 2012 loan modification with CRE.

1. On appeal, Sawnee Forest argues that the trial court erred in considering Burrola's amended affidavit. In support, it relies on our decision in *Harrell v. Federal Nat. Payables*,[4] in which we stated:

> OCGA § 9-11-56 (c) requires that a motion for summary judgment be filed at least 30 days before the time fixed for a hearing. And pursuant to OCGA § 9-11-6 (d), any affidavits in support of a motion must be served at the time the motion is served, unless the court exercises its discretion under OCGA § 9-11-6 (b) to permit later service.[5]

The facts in this case are distinguishable from *Harrell*, in which we held that the trial court should not have considered a supplemental affidavit filed after the

---

[4] 264 Ga. App. 501 (591 SE2d 374) (2003).

[5] Id. at 505 (4).

summary judgment hearing without any showing of excusable neglect.[6] In contrast, Burrola's amended affidavit was filed more than two months before the summary judgment hearing. And in its motion to allow the amended affidavit, CRE explained that the initial affidavit "mistakenly stated the interest rate for the loan as being a variable rate." The amended affidavit attached the loan modification agreements, which had changed the interest rate to a fixed rate of five and a half percent.

CRE filed the amended affidavit at least 30 days before the summary judgment hearing, the timeframe provided by § 9-11-56 (c).[7] Moreover, the purpose of the requirement in OCGA § 9-11-6 (d) that the affidavit be filed contemporaneously with the motion "is to ensure that the other side has adequate notice of and opportunity to respond to such evidence."[8] The requirement is not absolute, as the time for filing affidavits may be extended.[9]

---

[6] Under § 9-11-6 (b), the court may extend the period "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." *Harrell*, supra (quoting OCGA § 9-11-6 (b) (2)).

[7] See *Harrell*, supra.

[8] *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 313-314 (2) (a) (724 SE2d 33) (2012) (punctuation and footnote omitted). See also *Triple T-Bar v. DDR Southeast Springfield*, 330 Ga. App. 847, 849 (769 SE2d 586) (2015).

[9] See OCGA § 9-11-6 (b); *Shropshire*, supra.

We find no abuse of discretion in the trial court's order, which implicitly allowed the amended affidavit filed more than two months before the summary judgment hearing.[10]

2. Sawnee Forest argues that, even with the amended affidavit, CRE did not establish a complete chain of assignment and thus did not establish privity of contract.

Although a plaintiff moving for summary judgment has the burden to show that no material issues of fact exist, the burden shifts to the defendant when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law.[11] The defendant must then "present *competent* evidence establishing a possible defense."[12] A plaintiff suing on a promissory note "may establish a prima facie right

---

[10] See *Clawson v. Intercat, Inc.*, 294 Ga. App. 624, 628 (2) (669 SE2d 671) (2008) (finding no abuse of discretion where affidavits at issue were on file two and a half months before the hearing); *Suttle v. Northside Realty Assoc.*, 171 Ga. App. 928, 931 (2) (321 SE2d 424) (1984) (noting the trial court's "wide discretionary authority" to permit late-filed affidavits in support of motions for summary judgment).

[11] *Keane v. Annice Heygood Trevitt Support Trust*, 285 Ga. App. 155, 156-157 (645 SE2d 641) (2007).

[12] Id. at 157 (footnote omitted; emphasis in original).

to judgment as a matter of law by producing the promissory note and showing that it was executed."[13]

Sawnee Forest admitted that it executed the 2012 loan modification with CRE. That loan modification, which was attached to both the complaint and the amended affidavit, identified CRE as the "Lender" and recited that CRE had purchased the original loan documents (including the 2006 note, the 2008 replacement note, and two loan modifications) from the FDIC as receiver for Crescent Bank and Trust Company. Sawnee Forest further "represent[ed] and warrant[ed] . . . [that it] ha[d] no claims, offsets, counterclaims or defenses with respect to . . . payment of the Loan." In addition, Burrola testified that "[a]s Receiver for Crescent Bank, FDIC took possession of the original loan files . . . maintained by Crescent Bank with respect to the Loan."

Regardless of whether CRE established a complete chain of assignment, Sawnee Forest does not dispute that it executed a contract directly with CRE. This contract acknowledged a debt owed to CRE and incorporated the prior loan

---

[13] *Vandegriff v. Hamilton*, 238 Ga. App. 603, 604 (519 SE2d 702) (1999) (citations omitted).

documents. CRE thus established privity of contract.[14] Because Sawnee Forest did not present any evidence of a valid defense, CRE was entitled to judgment as a matter of law.[15]

*Judgment affirmed. Dillard and Peterson, JJ., concur.*

---

[14] *Wirth v. Cach, LLC*, 300 Ga. App. 488, 489 (685 SE2d 433) (2009) ("The doctrine of privity of contract requires that only parties to a contract may bring suit to enforce it. A party may assign to another contractual right to collect payment, including the right to sue to enforce the right. But an assignment must be in writing in order for the contractual right to be enforceable by the assignee. Further, the writing must identify the assignor and assignee.") (citations and punctuation omitted). See also *Vlahos v. DeLong*, 132 Ga. App. 722 (209 SE2d 12) (1974) (finding privity existed between landlord and subtenant where landlord consented to the sublease).

[15] See *S & W Masonry Contractor*, supra.